E. N. WILLOUGHBY *v.* WM. JARVIS *et al.*

(*Knoxville.* September Term, 1916)

1. **APPEAL AND ERROR. Insufficiency of assignments of error. Judgment. Effect.**

   When the court of civil appeals adjudged that the assignments of error did not comply with the rules of the court, all rights of appellant therein to have the case tried by that court were ended. (*Post, pp.* 280, 281.)

2. **CERTIORARI. Petition to revise action of court of civil appeals. Showing of merits.**

   If the action of the court of civil appeals, in adjudging that assignments of error did not comply with its rules, is desired to be reviewed by the supreme court, the petition for certiorari must show, not only that the court of civil appeals misconstrued and misapplied its own rules, and that the assignments of error were sufficient, but must also show merits. (*Post, pp.* 280, 281.)

3. **CERTIORARI. Review of decision of court of civil appeals. Assignments of error to chancellor.**

   Assignments of error must accompany petition to the supreme court for writ of *certiorari* to review the action of the court of civil appeals, and must be made to the decree of the court of civil appeals, and not to the decree of the chancellor. (*Post, p.* 281.)

   Case cited and approved: Nashville v. Patton, 125 Tenn., 361.

---

FROM CUMBERLAND.

---

Appeal from the Chancery Court of Cumberland County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—A. H. ROBERTS, Chancellor.

ROBINSON & FANCHER, for complainants.

DORTON & BURNETT, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The chancellor gave complainant a decree which was appealed to the court of civil appeals. In that court, upon motion of the complainant, the assignments of error were stricken out as insufficient. That court held that the defendants had failed to comply with its rules in respect to assignments of error.

In this court defendants have presented and filed a petition for *certiorari* which gives a history of the case, including the action of the court of civil appeals, but it is unaccompanied with any assignments of error, and does not contain such assignment within itself raising the question that the court of civil appeals acted erroneously in holding the assignments in that court insufficient under its rules. When the court of civil appeals adjudged that the assignments of error did not comply with the rules of that court, all rights of the appellant therein to have the case tried by that court were ended. If its action in respect of the assignments of error is desired to be reviewed by this court, the petition for *certiorari* must show, not only that the court of civil appeals misconstrued and misapplied its own rules, and that the assignments of error were sufficient, but it must also show merits. This court has power, and will revise

the action of the court of civil appeals in construing its own rules, where the petition for *certiorari* makes a plain case of error and also shows merits. It, of course, is a matter of indifference whether that court correctly or incorrectly held that the assignments were bad in a case which has no merit.

There is an additional reason why the decree of the court of civil appeals must be affirmed. The assignments of error in this court are not to the decree of the court of civil appeals, but to the decree of the chancellor. By the act creating the court of civil appeals, cases are transferred for review from that court to this court by the writ of *certiorari* only. The assignments of error must accompany the petition for writs of *certiorari,* and must be made to the decree of the court of civil appeals. The petitioner cannot ignore the decree of that court and assign errors against the decree of the chancellor. *Nashville* v. *Patton,* 125 Tenn., 861, 143 S. W., 1131.