W. J. REEVES, Appellant, v. WESTERN UNION TELEGRAPH CO. Appellee.

Middle Section.    February 6, 1926.

Certiorari denied by Supreme Court on June 19, 1926.

1. **Appeal and error.** A party will not be excused for not filing assignment in error and brief as required by rules of court unless good and sufficient reason for not doing so is shown.

Where party's appeal had been dismissed because of failure to file assignments of error in time allowed by court and motion to rehear was filed, held that reasons given for not filing assignments of error were not definite nor sufficient to warrant the court to permit the party to refile his assignments of error.

2. **Appeal and error.** Assignments of error must be definite or they will not be considered by appellate court.

It has been repeatedly held that an assignment of error must state not only the action of the court complained of, but also the reasons why it is erroneous.


Appeal from Chancery Court, Davidson County; Hon. Jno. R. Aust, Chancellor.

Dismissed.

B. A. Butler and W. C. Davidson, of Nashville, for appellant, Reeves.

L. R. Campbell and J. S. Pilcher, of Nashville, for appellee, Telegraph Co.


CROWNOVER, J. At a former day of this term a motion to strike the assignment of errors was sustained and the decree of the Chancellor was affirmed because the assignment of errors was not filed within the time allowed by the rules of this court. A petition to rehear, supported by affidavits, and a reply thereto have been filed and we are urged to permit appellant to refile his assignment of errors and grant a rehearing on the merits, while, defendant insists (1) that no sufficient reason has been given by appellant for not filing his assignment as required by our rule No. 11 (151 Tenn., 815), and (2) that the assignment of errors is not supported by a brief and argument with citations to the law and the record as required by rule No. 11, Sub-section 2, (151 Tenn., 815). After an examination of the petition, affidavits and the assignment of errors, we are constrained to hold that both of defendant's objections are well taken.

The record was filed in this court on June 2, 1925, and the assignment of errors was not filed until October 23, 1925. No application was made to this court for an extension of time to file the assignment of errors until long after the time for filing same had expired.

The petition alleges, in substance, that appellant has "a meritorious case," but no reasons at all are given for the delay, other than that he was "wholly without fault in the failure to file assignments of error and he knew nothing of the rules of the court nor the procedure." His petition nowhere gives his name and is not sworn to, but it is supported by two affidavits of his attorneys, in which they state that Mr. B. A. Butler was the leading counsel and had employed Mr. W. C. Davidson to assist him in the case, but that it was not understood that he would take the initiative in preparing the case for trial, that Mr. Butler knew of the rules of

this court, "but had understood that the rule would not be strictly enforced at this term of the court, same having been recently promulgated," and for this reason did not call the attention of his associate counsel to the rule and request that the assignment of errors be filed within the time.

Mr. Butler's affidavit further states "that at the time the record was filed in this court, and several months thereafter, affiant's family was in such condition that he was unable to attend to business, and this condition was continued, and still obtains to some extent, but was so serious up until a few weeks ago that he could do scarcely nothing except to look after his family, and was such that he could not give this case, or any case, but little attention." And the affidavit continues:

"and the physical health of affiant's wife was such that he could not prepare the case within the time required by the rules of this court. Affiant did not expect the counsel for the cross-complainant, knowing the conditions aforesaid and the great difficulties under which he labored, would invoke the rule in this case."

Mr. Davidson states that he drew Mr. Butler's attention to the filing of the record in this court, but that Mr. Butler's wife was in such condition that Mr. Butler could not then give the assignment of errors attention, and that he again drew Mr. Butler's attention to their failure to assign errors and they then applied to this court for an extension of time but found that the time had expired.

It will be noticed that they do not state with definiteness the nature or duration of the illness of Mr. Butler's wife, except that it "was so serious up until a few weeks ago that he could do nothing except to look after his family, and was such that he could not give this case, or any case, but little attention." No reason is given why they did not apply to this court, before his time expired, for an extension of time, and no reason is given why Mr. Davidson had not prepared the assignment of errors other than that Mr. Butler was the leading counsel.

The petition and the affidavits are entirely too indefinite, and do not give sufficient reasons. While, we are not disposed to allow parties to be imposed upon on account of conditions that may arise beyond their control, such as sickness of themselves or their families, yet, we think that the petition should show with definiteness a sufficient excuse for the delay, and the reason therefor must be set out with particularity. See Bank y. Taylor, 4 Hig., 576; Willoughby v. Jarvis, 136 Tenn., 279; Gibson's Suits in Chancery (2 Ed.), secs. 1204 and 1319; Opinion of the Court of Civil Appeals in the case of Tennie Miller et al. v. Joe Erwin, Davidson County Equity, Nashville, September term, 1924.

The petition does not state facts with enough particularity to enable this court to know the extent of Mrs. Butler's illness and for us to see that he was unable to prepare and file the assignment of errors. The rules were made to be enforced, when invoked, so as to dispatch business, and the cases should be prepared before they are called for trial, or a reasonable legal excuse given in detail, supported by affidavits, so as to enable this court to see that the parties were unable to prepare the case for trial.

This was a small case and had been pending in the lower courts for a long time. There were two solicitors who represented appellant. Mr. Butler's associate was familiar with the record and could have prepared the assignment of errors and brief. So, we think that the petition does not show any sufficient excuse for the delay.

On the second proposition we are of the opinion that the assignment of errors should have been dismissed or stricken, because it was not supported by a brief, with citations, showing specifically wherein the action of the lower court, complained of, was erroneous, and how it prejudiced the rights of the appellant, with references to the pages of the record, as required by rules Numbers 11 and 12 (151 Tenn., 815-816). Assignment of errors, without more, is insufficient.

It has been repeatedly held that an assignment of error must state not only the action of the court complained of, but also the reasons why it is erroneous. See Powers v. McKenzie, 90 Tenn., 167; Railway v. Overcast, 3 Hig., 235; Wheeler v. Parr, 3 Hig., 375.

For these reasons the petition to re-hear is dismissed.

Faw, P. J., and DeWitt, J., concur.